Johnson v. Schmoller & Mueller Piano Co.

---

JAMES C. JOHNSON, APPELLEE, v. SCHMOLLER & MUELLER PIANO COMPANY, APPELLANT.

FILED FEBRUARY 26, 1915. No. 17,964.

Trial: INSTRUCTIONS. Record examined and found not to contain any prejudicial error.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*John M. Macfarland,* for appellant.

*Weaver & Giller, contra.*

FAWCETT, J.

Plaintiff brought this action in the district court for Douglas county to recover $3,457.47, alleged to be due him as commissions earned in the sale of pianos for defendant under two contracts covering the years 1911 and 1912. Defendant denies that there is anything due plaintiff under the contract, for the reason, as stated in its brief, that "the repossessions of pianos and the amount charged back thereunder against the appellee would offset, at the time of the trial, a large portion of the commissions, and that the contracts really contemplated that the appellant should retain sufficient of the commissions in its hands to offset future charges for repossessions under the contracts until the business between appellant and appellee was finally closed." There was a verdict and judgment for plaintiff for $2,512.62, and defendant appeals.

The court instructed the jury that the questions to be considered had narrowed down to a single issue; that one of the defenses pleaded by defendant was a set-off amounting to $305.40, which plaintiff claimed on account of repossessions of certain pianos which plaintiff had sold during the year 1910. By instruction No. 2 the court told the jury: "The burden of proof is upon the defendant to establish by a preponderance of the testimony that the terms of the contract were as it claims, and as above set forth. And, if the defendant has so established this fact, then under the testimony in this case the plaintiff is entitled to a verdict at your hands for $2,512.62. If the defendant has not established that the contract for 1910 was as it claims with respect to charging back the commissions as above set forth, then the plaintiff is entitled to a verdict for $2,818.02." After being out for about 24 hours without reaching an agreement, the jury were brought into court and interrogated as to the probability of their arriving at a verdict. The foreman and several members of the jury stated that they did not think it would be possible for them to agree. The court then called the attorneys before it, and, after some conference with them, counsel for plaintiff stated that, rather than have a disagreement, he would be

willing that the jury should return a verdict in favor of the plaintiff for the lesser sum, and that the court might so inform the jury; whereupon the court said: "Gentlemen of the jury, I am authorized to say to you by Mr. Weaver, attorney for the plaintiff, that, rather than have a disagreement in the case which would result in a retrial of this case at considerable expense to the county and the parties, the plaintiff would much prefer that you would find in favor of the plaintiff for the lesser sum, thus allowing the set-off for the amount claimed under the 1910 contract. With this statement on the court's part I will ask you to retire and further consider the case." Thereupon, the jury retired, and, after further deliberation, returned a verdict for the plaintiff for the sum stated. No error is assigned in defendant's brief as to what took place when the jury were called in, or as to the giving of the supplemental instruction which was given by the court at that time; but it is contended that the court erred in giving instructions 1 and 2 in the first instance. We are unable to discover any error in the giving of these two instructions. They were fully warranted by the pleadings and the evidence in the case. The evidence was conflicting, but was sufficient to sustain the verdict. This being true, we find no error in the record.

AFFIRMED.

MORRISSEY, C. J., BARNES and SEDGWICK, JJ., not sitting.